IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EMILIO B. CRAIG, | ) |
| Plaintiff, | ) Civil Action No. 0:06-2061-CMC-BM |
| v. | ) |
| DARLINGTON COUNTY DETENTION CENTER; AND DOCTOR NFN GAMBLE, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate at the Darlington County Detention Center, alleges violations of his constitutional rights.

The Defendant Dr. Homer Gamble[1] filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 11, 2006. As the Plaintiff is proceeding pro se, a Roseboro

---

[1] The Defendant Gamble is the only Defendant against whom service was authorized. See Order filed August 8, 2006. To the extent Plaintiff had intended to name the Detention Center itself as a party Defendant, that facility is not a "person" subject to suit under § 1983. Cf. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) [California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D.Pa. 1976); see generally Tyler v. Sullivan, No. 95-1232, 1996 WL 195295 at **1 (10th Cir. Apr. 22, 1996) ["The [district] court dismissed the detention facility as a defendant, finding that the facility, a building owned and operated by the county, is not a person or legally created entity capable of being sued."]; Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."] aff'd in part, modified in part on other grounds, vacated in part on other grounds, 203 F.3d 821 (4th Cir. 2000); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."].



1

order was entered by the Court on November 3, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted. Plaintiff thereafter filed a response to the Defendant's motion with attached exhibits on November 9, 2006. Defendant's motion is now before the Court for disposition.[2]

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant Gamble has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2

Plaintiff alleges in his verified Complaint[3] as follows:

On or about 5-9-06 I submitted my first of many sick call requests. After my second request I was seen by Dr. Gamble about my hernia which he said was reducable. He prescribed me Motrin. Which helped with the pain and swelling, but as I later learned that it was not going to go away, so my pain still continues to bother me as I write this statement. I then submitted several more request to see the doctor concerning this matter and a broken tooth that swollen bad. These too went unanswered so I asked for a copy of all my sick call request, and I was told my attorney has to get them and explain his reason for wanting them. I had my most painful experience with my condition, I was in so much pain and the swelling had reached an amazing size. I couldn't walk, and it even hurt me to talk. I had a friend of mine fill out another sick call form which also went unanswered. Sgt. Cooper came in and gave me some Motrin which helped with the pain and told me the doctor was going to come see me the next day. The next day came and went, it wasn't until a week later that I seen the doctor. He didn't request a surgery he just gave me more Motrin and something called Flexerl. Si I had my Mom call our family doctor to schedule me a surgery but he said I'm in DCDC custody so they would have to do so. I told them that I needed the surgery, and I was told all they could do is give more medicine. The only cure for a hernia is to have it surgically removed which they deny me to have. When I asked a guard why he said because they don't want to pay for it. My hernia and my broken tooth are in need of medical attention which they are neglecting.

Plaintiff seeks monetary damages. See generally, Verified Complaint.

Defendant argues, inter alia, that this case is subject to dismissal because Plaintiff failed to exhaust his administrative remedies prior to bringing this lawsuit, as required by 42 U.S.C. § 1997e. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the Defendant]. Pursuant to § 1997e(a), "[n]o action shall be brought with respect to

---

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

3

prison conditions[4] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion) (applying Booth v. Churner to affirm district court's denial of relief to plaintiff). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first have exhausted the administrative remedies available through the Darlington County Detention Center grievance process.

Defendant has the burden of showing that Plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d at 683. To meet this burden, Defendant notes that Plaintiff himself, in his verified Complaint, states that there is a prisoner grievance procedure at the Detention Center and that he filed a grievance concerning his

---

[4] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). *See* Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999); Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).

4

claims on July 7, 2006. That was only six days prior to Plaintiff completing and submitting this Complaint for filing in United States District Court. Defendant further notes that, when asked whether he had received a final agency/departmental institutional answer or determination concerning his grievance, Plaintiff checked "no". See Complaint, § II. Significantly for purposes of Defendant's motion, Plaintiff has also failed to offer any evidence to respond to Defendant's argument that he did not exhaust his administrative remedies prior to bringing this lawsuit, or to set forth any cogent argument as to why, given his admissions in his Complaint, he should either be deemed to have exhausted the jail grievance process, or should not be required to exhaust that process before bringing this lawsuit.[5]

Indeed, even though the Defendant specifically sets forth Plaintiff's failure to exhaust his administrative remedies as a ground for dismissal of this action in his motion for summary judgment, Plaintiff failed to even address this issue in his response. Therefore, based on the arguments presented and Plaintiff's statements and representations as set forth in his verified Complaint, the undersigned finds and concludes that this case is subject to dismissal for lack of exhaustion of administrative remedies.[6]

---

[5] The fact that Plaintiff's grievance may now have been exhausted since the filing of his Complaint does not save this action from dismissal. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]; Erby v. Kula, 98 Fed.Appx. 405, 407 (6th Cir. 2004) [State prisoner's letter to state prison director did not exhaust his administrative remedies, as required, where prisoner sent his letter during pendency of federal suit.].

[6] Notwithstanding the findings and recommendation set forth hereinabove, Defendant is cautioned that, under some circumstances, refusal to pay for a hernia operation may present a valid constitutional claim for deliberate indifference to a serious medical need. Cf. Johnson v. Clinton, 763
(continued...)



5

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 9, 2007

---

[6](...continued)
F.2d 326, 328 (8th Cir. 1985); Cotton v. Hutto, 540 F.2d 412, 415 (8th Cir. 1976); Delker v. Maass, 843 F.Supp. 1390 (D.Or. 1994); Williams v. Prison Health Services, Inc., 167 Fed.Appx. 555 (7th Cir. 2006); Hussmann v. Knauer, 2005 WL 435231 (E.D.Pa. February 23, 2005).

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



7